DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas. The following facts are material to our disposition of this cause.
 {¶ 2} Appellant is Candice Lee (Jensen) Jarman. Appellees are appellant's brothers; Robert L. Jensen, Jr., Jeffrey L. Jensen, and Mark L. Jensen. On July 15, 1994, appellant and appellees entered into an agreement. Pursuant to the agreement, upon the *Page 2 
death of the siblings' mother, JoAnn M. Jensen, her Ohio state teachers retirement benefits would be paid, on a monthly basis, to her surviving spouse, Robert L. Jensen, Sr., for 15 years from the date, July 1, 1994, that JoAnn retired.
 {¶ 3} Upon the death of her husband, JoAnn wanted her children to receive, in equal shares, her pension until the termination date. Nonetheless, naming all four of the children as contingent beneficiaries would have changed the benefits received to a lump sum, which would be "an amount less than the total amount payable over the guaranteed 15 year period." Therefore, pursuant to the agreement, appellant was made the contingent beneficiary but consented to "dividing the pension with her three brother's [sic] by giving gifts to them." This was accomplished by the following method:
 {¶ 4} "1. Candice will give an equal share of the pension to each of the Parties less income taxes she has paid on each share, based upon her highest income brackets.
 {¶ 5} "2. If one of the parties dies, their share will be distributed equally to the surviving Parties.
 {¶ 6} "3. The Parties understand that in the event of Candice's death, the pension will cease and they will not receive any further payments from it."
 {¶ 7} JoAnn died on January 30, 1995, and her pension funds, in the amount of $1,309 per month, were paid to her husband until the date of his death, October 21, 1998. At that point, appellant began receiving the monthly funds. However, she eventually stopped making the payments to her brothers. Therefore, on June 23, 2000, appellees *Page 3 
filed a declaratory judgment action and a request for money damages in the common pleas court.
 {¶ 8} After mediation, the parties entered into a consent judgment, which was journalized by the court below on March 8, 2002. Under the consent judgment, appellant agreed to, among other things, pay to each of her brothers $271 per month, with the payments commencing in April 2002 [1] .
 {¶ 9} On November 10, 2005, appellant filed a pro se "Motion to Reopen." She asked the court to terminate the "gifts" to her brothers due to her financial hardship. The court below denied the motion on December 28, 2005. Appellant never filed a timely notice of appeal from this judgment.
 {¶ 10} Subsequently, appellees filed a motion asking the court to hold their sister in contempt of court for her failure to comply with the terms of the consent judgment entry and to enter a lump sum judgment in the amount of $10,569 in their favor, plus attorneys fees and costs, as well as prejudgment and postjudgment interest. Naming the State Teachers Retirement System of Ohio ("STRS") as a defendant, appellees further requested a modification of the consent judgment entry by including an order directing STRS to pay "any and all future benefit payments for Candice Jensen to * * * Mark Jensen," who would apply the funds as set forth in appellees' motion, e.g., he would first apply appellant's share to arrearages owed to appellees. The brothers also asked the court *Page 4 
to make Mark Jensen the family member who would receive the monies from STRS and distribute it to his siblings. Appellant filed a reply.
 {¶ 11} On July 19, 2006, STRS filed a motion in which it asserted that the trial court lacked jurisdiction over this state entity. Therefore, STRS asked the court to strike all references to it as a third party defendant in the instant case. The lower court granted this motion. As a result, on September 29, 2006, appellees filed an amended motion asking the court to find appellant in contempt and requesting a modification of the consent judgment entry. In this motion, appellees asked the court to require appellant to complete all documents necessary to make their attorney the payee on the STRS account, to order their attorney to deposit the STRS payments in his firm's ILOTA account, and to order their attorney to disperse the STRS payments to the siblings.[2]
 {¶ 12} On October 16, 2006, the trial court granted appellees' motion, awarding them the $14,626, plus statutory interest owed them as of October 1, 2006. The court further ordered appellant to pay appellees' attorney fees and costs in the amount of $1,325. In addition, the court ordered appellant to authorize the payment of the STRS benefits to the IOLTA account of Hess Miller LLP, the law firm of appellees' attorney, and to pay any taxes due and owing on the STRS benefits. She was also required to refrain from taking any action that would result "in the termination, interruption, or interference with the direct deposit of said STRS benefits" into the IOLTA account. *Page 5 
Finally, the trial judge decreed that appellees' attorney would disperse the STRS payments pursuant to the manner set forth in the court's judgment entry. Appellant never filed a notice of appeal from this judgment.
 {¶ 13} On November 29, 2006, appellees filed a motion asking the court of common pleas to find appellant in contempt of the court's October 16, 2006 judgment. Appellees alleged that after the court entered its judgment, appellant effectively terminated all STRS payments by increasing "the percentage rate of the STRS benefits withheld and remitted to the Internal Revenue Service to one hundred percent (100%) of the gross monthly benefit amount," thereby reducing the net amount of the monthly benefit to be apportioned between the parties to zero. Appellees asked the court to punish appellant for her contempt by, among other things, imposing an "appropriate period of incarceration."
 {¶ 14} In conjunction with the motion for contempt, appellees filed, pursuant to Civ.R. 70, a motion for an ex parte order authorizing their attorney to complete and submit to STRS any documents necessary to terminate the withholding of any and all deductions from the gross monthly STRS benefit payments and to restore and maintain direct deposit of these funds in accordance with the court's October 16, 2006 judgment. The court granted the ex parte motion on December 4, 2006. On January 3, 2007, appellant filed a notice of appeal from the December 4, 2006 judgment only.
 {¶ 15} Appellant sets forth seven assignments of error for our review. Six of these assignments of error relate to final judgments that were never timely appealed by *Page 6 
appellant. These assignments are: (1) appellant's first, second, third, fourth, and fifth assignments of error. These assignments of error raise issues related only to the trial court's October 16, 2006 judgment[3]
; and (2) appellant's seventh assignment of error. This *Page 7 
assignment of error raises alleged mistake with regard to the judgment entered by the trial court on December 28, 2005[4] . We conclude that both of these aforestated judgments were final judgments within the meaning of R.C. 2505.02, which provides, in pertinent part:
 {¶ 16} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 17} "(1) In order that affects a substantial right in an action that in effect determines the action and prevents a judgment; * * *." *Page 8 
 {¶ 18} In the present case, the October 16, 2006 judgment affected the parties' substantial rights with regard to their claims to their mother's STRS benefit payments and left nothing pending before the trial court. Therefore, appellant was required to file a notice of appeal from that judgment within 30 days "of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Civ.R. 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A).
 {¶ 19} Civ.R. 58(B) requires a clerk of courts to enter notice of service of a judgment on the trial court's docket. Here, the judgment at issue was journalized on October 16, 2006, and notice of service of that judgment was entered on the appearance docket on October 16, 2006. Consequently, appellant was required to appeal that judgment within 30 days of October 16, 2006. She did not do so; as a result, we cannot consider her first, second, third, fourth, and fifth assignments of error.
 {¶ 20} Likewise, the trial court's order of December 28, 2005 was a final, appealable order denying appellant's motion to reopen this cause. Specifically, it affected her substantial right to have the October 16, 2006 judgment set aside, determined the motion, and left nothing pending before the trial court. It was journalized on December 28, 2005, and service is noted on the appearance docket on that same date. Appellant never filed a timely notice of appeal from this judgment; thus, we cannot entertain her seventh assignment of error. This leaves only appellant's sixth assignment of error. *Page 9 
 {¶ 21} Appellant's sixth assignment of error addresses the only order timely appealed from and asserts:
 {¶ 22} "The trial court erred as a matter of law in its Ex Parte Order dated December 4, 2006, when it ORDERED, pursuant to Civ.R. 70, appellees' counsel `to complete and submit to the (STRS) any and all documents required to terminate the witholding [sic] of any and all deductions from (appellant's) gross monthly STRS benefits payment and to restore and maintain the direct deposit of any and all such funds in accordance with the terms of (the) Court's October 16, 2006 Judgment Entry.'"
 {¶ 23} Appellant does not argue her assignments of error separately, that is, as applicable to her sixth assignment of error, she contends that the October 16 and December 4, 2006 judgments are void or voidable. She also maintains that the trial court, if it did find her in contempt in the October 16, 2006 judgment, imposed an unreasonable condition and, therefore, abused its discretion. We shall disregard any assertions involving the October 16, 2006 judgment because, to reiterate, appellant failed to timely appeal this order.
 {¶ 24} Citing R.C. 3307.41, which protects the right of an individual to, inter alia, a pension or a retirement allowance from garnishment, execution, bankruptcy, insolvency, attachment, or any other process of law, appellant argues that the December 4, 2006 order subjects her right to her mother's STRS benefits to attachment or some other "process of law." For the following reasons, we disagree. *Page 10 
 {¶ 25} Courts have the authority to enforce the terms of their judgments through post-judgment proceedings. Civ.R. 69 authorizes the court to issue process to execute any term of its judgment. Civ.R. 70 gives the court the power to deal with those parties who refuse to comply with orders to perform specific acts. Freeman v. Freeman (Dec. 16, 1997), 10th Dist. No. 97APF05-706. The specific acts under the December 4, 2006 order were to terminate the withholding of the (100 percent) tax deductions from the gross monthly STRS benefit and to maintain direct deposit of these funds pursuant to the court's October 16, 2006 judgment. Appellant's right to her share of the STRS benefits is unaffected by this "process of law." Therefore, R.C. 3307.41 is inapplicable under the circumstances of this cause, and appellant's sixth assignment of error is found not well-taken.
 {¶ 26} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 11 
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur.
[1] The April 2002 payment to each brother was $222.
[2] Pursuant to appellees' requested plan, appellant would not receive her share of the STRS payments until all arrearages plus interest on those arrearages was satisfied and all of appellees' attorneys fees and court cost were paid.
[3] These assignments of error read:
"First Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated October 16, 2006, as modified by its Ex Parte Order dated December 4, 2006, when it granted appellees' Second Amended Motion To Hold (Appellant) in Contempt and to Modify Consent Judgment Entry which motion was dated September 29, 2006.
"Second Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated October 16, 2006, as modified by its Ex Parte Order dated December 4, 2006, when it ORDERED at paragraph no. [sic] 3 that appellant `shall sign and affix her STRS Ohio Identification number to the necessary authorizations and any documentation required to facilitate and maintain the direct deposit of any monthly STRS benefits received by (appellant) to the IOLTA account of (counsel for appellees) and to return said document to … counsel within fourteen (14) days of the date of (the Judgment Entry.'
"Third Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated October 16, 2006, as modified by its Ex Parte Order dated December 4, 2006, when it ORDERED at paragraph no. 4 that appellant `shall not subsequently undertake or withold [sic] any action that results in the termination, interruption or interference with the direct deposits of said STRS benefits to the IOLTA accounts of (counsel for appellees) or results in a net reduction of received benefits without prior Court Order. . . .'
"Fourth Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated October 16, 2006, as modified by its Ex Parte Order dated December 4, 2006, when it ORDERED at paragraph no. 5 that if appellant `fails to comply with the Court's Order to complete the necessary authorizations and other documentation referred to above within fourteen (14) days of the date of (the) Judgment Entry or subsequently undertakes or withholds any action that results in the termination, interruption or interference with the direct deposits of said STRS benefits to the IOLTA accounts of (counsel for appellees) or results in a net reduction of received benefits without prior Court Order, [appellees' counsel], pursuant to Civ.R. 70, shall complete any and all necessary authorizations and other documentation required to facilitate or maintain the direct deposit of all such STRS payments to the IOLTA account of (counsel for appellees) at (appellant's) sole cost.'
"Fifth Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated October 16, 2006, as modified by its Ex Parte Order dated December 4, 2006, when it ORDERED at paragraph no. 6 that appellant `shall be solely responsible for any and all federal, state and local and school income taxes due and owing on said STRS benefits . . .'"
[4] This assignment of error asserts:
"Seventh Assignment of Error
"The trial court erred as a matter of law in its Judgment Entry dated December 28, 2005 when it DENIED appellant's motion to reopen which should have been treated as a Rule 60(B) [sic] motion for relief from judgment." *Page 1